907 F.2d 322
 59 USLW 2054, Fed. Sec. L. Rep. P 95,332
 AVON PRODUCTS, INCORPORATED, Plaintiff-Appellant,
v.
CHARTWELL ASSOCIATES L.P., Larry Fisher, Zachary Fisher,
Arnold Fisher, Richard L. Fisher, M. Anthony Fisher,
Argonaut Partners I, L.P., The Gordon P. Getty Family Trust,
New Arrow Corporation, Mary Kay Cosmetics, Inc., Mary Kay
Corporation, J.R. Investments Corp., Richard R. Rogers,
First Chicago Trust Company of New York, and John P. Rochon,
Defendants-Appellees.
 No. 1617, Docket 90-7404.
 United States Court of Appeals,
Second Circuit.
 Argued June 11, 1990.
Decided June 28, 1990.
 
 D. Stuart Meiklejohn, New York City (William R. Norfolk, Robert A. Sacks, Steven L. Holley, Lisamichelle Davis, Howard J. Kaplan, Sullivan & Cromwell, New York City, of counsel), for appellant.
 Philippe M. Salomon, New York City (Willkie Farr & Gallagher, Vaughn C. Williams, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for appellees.
 Before: MESKILL, WINTER and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Avon Products, Inc. (Avon) appeals from a judgment entered in the United States District Court for the Southern District of New York, Leval, J., granting the request of defendants-appellees for a declaratory judgment. The district court held that Avon's amended shareholder rights plan (Rights Plan) discriminates among shareholders in violation of N.Y.Bus.Corp.Law Sec. 501(c) (McKinney Supp.1990), which provides that "each share shall be equal to every other share of the same class."
 
 
 2
 Under Avon's original Rights Plan, which is one version of a defensive maneuver commonly known as a "poison pill," Avon shareholders received one right for each share of common stock owned to purchase a newly issued share of common stock at one-half the market price. These rights were exercisable only if a person acquired 20 percent or more of Avon's voting stock. Once that person crossed the 20 percent threshold, all shareholders except the 20 percent holder could exercise their rights unless Avon's board of directors had previously redeemed them. The net effect of this arrangement was that, if Avon's board did not redeem the rights, the other shareholders' exercise of their rights would reduce the 20 percent holder's equity and voting power to approximately 11 percent.
 
 
 3
 Defendant Chartwell Associates L.P. (Chartwell) acquired approximately 12.2 percent of Avon's voting stock in early 1990. In response, Avon's board amended the Rights Plan on April 5, 1990, to reduce to 12.5 percent the threshold at which the rights may become nonredeemable. In other words, once a person acquires 12.5 percent or more of Avon's voting stock, the board of directors has ten days within which to redeem the rights or amend the Rights Plan. If the board does not do so, then the rights automatically become fully exercisable if the 12.5 percent holder later acquires a 20 percent interest. This arrangement, according to Avon, is an attempt to force potential acquirors of Avon to declare their intentions as bidders at an early stage.
 
 
 4
 Avon brought this action in New York state court prior to the April 5 amendment to the Rights Plan. It sought, inter alia, a declaratory judgment that the original Rights Plan did not violate New York law. Chartwell removed the action to the Southern District of New York and sought expedited treatment of its counterclaim that the April 5 amendment to the Rights Plan violates section 501(c) of New York's Business Corporation Law. The district court entered judgment pursuant to Fed.R.Civ.P. 54(b) in favor of Chartwell, and Avon appeals.
 
 
 5
 We agree with the district court that Avon's amended Rights Plan discriminates among shareholders in violation of section 501(c), and that the Rights Plan does not fall within the statutory exception created by sections 505(a)(2)(i) and 912(a)(10) of New York's Business Corporation Law. Accordingly, we affirm substantially for the reasons stated by Judge Leval in his Opinion and Order dated April 27, 1990, and reported at 738 F.Supp. 686 (S.D.N.Y.1990).